No. 28,853.

G. W. AVERY and C. G. KEESLING, *Appellees,* v. MAE H. SHAIN, *Appellant.*

(280 Pac. 747.)

Opinion filed October 5, 1929.

*Clyde M. Hudson* and *Charles B. Hudson,* both of Wichita, for the appellant.
*Carl Van Riper,* of Dodge City, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one to compel specific performance of a contract to convey real estate. Plaintiffs prevailed, and defendant appeals. The question is whether there was a contract.

Defendant inherited an undivided one-seventh interest in 320 acres of land. A Mrs. Nugent inherited a like interest, and there were other heirs. In a letter of February 27, 1928, plaintiffs informed defendant they had partially made a deal with Mrs. Nugent

for her interest. The letter stated that plaintiffs were advised defendant desired to sell, that some of the heirs practically refused to sell, and that Mrs. Nugent desired that any who wished to dispose of their interests when she disposed of hers might have an opportunity to do so. The letter contained the following:

"We would like if possible to hear from you by that time if you wish to sell, with the best cash price you will consider for your undivided interest which we understand to be the same as that of Mrs. Nugent and, where the time is short will ask that you kindly telegraph us, at our expense, on receipt of this letter, the best price you will consider.

"From our talk with these folks we take it that you have a price in mind at which you will sell, but if not and you are not acquainted with values and wish us to submit a proposition kindly advise and we will be glad to do so with the understanding that you will give us a definite answer by Thursday. . .

"Should you name price at which we can buy at this time there will be no expense attaching; we would make up proper deed and forward to you to be executed, the same to be returned to our bank here, through your bank or attorney, for collection of the purchase price.

"You have no doubt by this time heard from Mrs. Nugent as she expected to write you regarding this matter, but would suggest that you wire us direct if you have concluded to sell so that if possible we may have a definite understanding by Thursday."

The letter committed plaintiffs to nothing except to submit a proposition in case defendant wished them to do so. Plaintiffs did not say they would buy if defendant named a satisfactory price, and what plaintiffs wanted to know was whether defendant wished to sell, whether she had concluded to sell, and the best price she would consider. Defendant did not answer those questions, but sent plaintiffs the following telegram:

"Wire me price you are paying Mrs. Nugent for her land."

Plaintiffs replied by the following telegram:

"Mrs. Nugent is taking equity in another piece of land adjoining their present home for her interest. For immediate acceptance will give one thousand cash for your one-seventh interest. Same offer submitted to other heirs. answer."

This telegram did not answer defendant's question or give defendant any information respecting the value of what Mrs. Nugent was to receive. The facts were that plaintiffs were dealing with Mrs. Nugent on the basis of $1,500 for her one-seventh interest, and plaintiffs offered her that sum.

Defendant sent plaintiffs the following telegram:

"Fifteen hundred dollars net cash is my price."

This telegram did not offer to sell the land to plaintiffs or anybody else for $1,500 or for any other sum of money, and nothing in the previous communications warranted the plaintiffs in regarding the telegram as anything more than a statement of the net price which defendant would consider. Plaintiffs, however, sent defendant the following telegram:

"We accept your proposition of fifteen hundred dollars cash net to you for your one-seventh interest in C. M. Shain land. Telegraph confirmation and advise how you want deal closed."

From a legal standpoint, this completes the story. Some correspondence followed. Defendant wrote to plaintiffs the following letter:

"When I received a letter from Mrs. Nugent on March first asking me to sell with her and make a price I wrote her immediately that I was not familiar with Kansas land prices and would be governed by the price she was taking for her land. And when I received your letter I wired you to send me the price you were offering Mrs. Nugent. I also wired Mrs. Nugent to wire at my expense the price she was receiving for her land and she sent me the following worded telegram: 'Our deal held up, letter follows.' Your telegram said Mrs. N. received land for her interest in C. M. Shain farm and you offered me a thousand. Up to date, I have not received any letter or other communication from Mrs. Nugent. . . .

"I will not accept any offers until I find out the value of this farm."

This made it plain that defendant did not intend to make an offer to sell to plaintiffs for $1,500 in cash. Defendant's mental attitude, however, when she sent her final telegram is not controlling. The question is whether plaintiffs were justified in understanding that defendant was expressing a fixed purpose to sell to plaintiffs if they chose to buy at the stated price. (American Law Institute, Restatement, Contracts, §§ 5, 25.) As indicated above, defendant made no proposition to sell. She merely stated a price at which she held the land. She remained free to get more if she could or to take less if she desired. (American Law Institute, Restatement, Contracts, § 5, Illustration 4.) Plaintiffs' final telegram contained an offer to buy and not an acceptance of an offer to sell. Defendant did not telegraph confirmation or otherwise accept the offer, and there was no contract. (13 C. J. 288, note 95, [a] Illustrations.)

The judgment of the district court is reversed, and the cause is remanded with direction to enter judgment for defendant.